NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

SEP 23 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROBERT BOBBIE BATS, Jr.,

Plaintiff - Appellant,

v.

L. MARTINEZ, Warden of CTF; T. MAK, Captain (A) of CTF Facility,

Defendants - Appellees.

No. 24-1081

D.C. No. 3:22-cv-03245-TSH

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Thomas S. Hixson, Magistrate Judge, Presiding**

Submitted September 17, 2025***

Before:    SILVERMAN, OWENS, and BRESS, Circuit Judges.

California state prisoner Robert Bobbie Bats, Jr. appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

\*\*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

deliberate indifference to his health and safety. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Bair v. Cal. Dep't of Transp.*, 982 F.3d 569, 577 (9th Cir. 2020). We affirm.

The district court properly granted summary judgment to defendant Martinez because Bats failed to raise a genuine dispute of material fact as to whether Martinez was deliberately indifferent to Bats's risk of contracting COVID-19. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (holding that a prison official violates the Eighth Amendment if the official was deliberately indifferent, that is, knew of and disregarded an excessive risk to an inmate's health and safety; the official must have been aware of facts from which inference could be drawn that a substantial risk of serious harm existed, and must have drawn that inference); *id.* at 844 (holding that an official who actually knew of a substantial risk of harm is not liable if they reasonably responded to the risk, even if harm ultimately was not averted).

The district court properly granted summary judgment to defendant Mak because Bats failed to exhaust his administrative remedies or raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable. *See Ross v. Blake*, 578 U.S. 632, 642-44 (2016) (explaining that an inmate must exhaust such administrative remedies as are available before bringing suit and describing limited circumstances under which administrative remedies are

effectively unavailable); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining that exhaustion requires "using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)" (citation and internal quotation marks omitted)).

     **AFFIRMED.**